

# NUMBER 13-15-00189-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**LEONARD SANCHEZ,**                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                   **Appellee.**

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Leonard Sanchez, attempted to perfect an appeal from a conviction for burglary of a habitation. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on February 3, 2015. No motion for new trial was filed. Notice of appeal was filed on March 27, 2015. On April 17, 2015, the Clerk of this Court notified appellant that it appeared that the appeal was not timely

perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.[1] Appellant has not responded to this notice.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Appellant's notice of appeal herein was not filed within the 15-day time period and he has not filed a motion for extension of time to file the notice of appeal. *See id.*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss

---

[1] The trial court's certification of the defendant's right to appeal shows that this is a plea-bargain case, and the defendant has no right of appeal, and the defendant has waived his right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). On April 17, 2015, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.

the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of June, 2015.

3